**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JOHN ROBERT LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:06-cv-105-SEB-JMS |
| | ) | |
| CRAIG HANKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

Having considered the pleadings, the defendants' motion for summary judgment and the response and reply thereto, as well as the evidentiary record, the court finds that such motion must be **granted.** This conclusion is based on the following facts and circumstances:

1. As to the claim of denial of equal protection, the evidentiary record does not show a genuine issue for trial that the plaintiff suffered an adverse decision based on his request to invest funds. *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)("[T]he Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers . . . . Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.")(citations and internal quotations omitted).

2. As to the claim that prison policies were violated by the failure of one or more of the defendants to adhere to the procedures set forth for acting on an inmate's request to invest, no such violation, even if it occurred, would support a claim under 42 U.S.C. § 1983. *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and . . . practices").

3. As to the plaintiff's due process claim against defendants Jeremy Ducharme and Ron Wells, the record shows that these defendants did not make the decision of which the plaintiff complains and played an incidental role, if any, in communicating with the plaintiff concerning his request.[1] In order to be held liable for a violation of § 1983 in an

---

[1] William Goodwin was dismissed as a defendant pursuant to the plaintiff's request in the Order of March 17, 2006.

individual capacity, that person must be "personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994), *cert. denied*,513 U.S. 1128 (1995)). Thus, "some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id.* (citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Mere knowledge of unconstitutional conditions is not enough to establish liability without proof that the defendant took some action, or acquiesced in actions of others, which led to the perpetuation of those conditions. *Vance v. Peters,* 97 F.3d 987, 992-93 (7th Cir. 1996).

4. As to the plaintiff's due process claim against defendant Hanks, even if the plaintiff had a due process or other right to invest funds from his inmate account in a high risk fashion, and even if Hanks violated that right by refusing to grant the plaintiff's request to do so, *see King v. Fed. Bur. of Prisons,* 415 F.3d 634, 636-37 (7th Cir. 2005), the plaintiff has not shown that the right was "'clearly established' at the time of the alleged conduct." *Wernsing* v. *Thompson,* 423 F.3d 732, 742 (7th Cir. 2005) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). *See Saucier,* 533 U.S. at 201 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established."). Accordingly, Hanks is entitled to qualified immunity as to this claim.

5. The request for injunctive relief is in any event moot, because the plaintiff is no longer confined at the Wabash Valley Correctional Facility and any restriction on the manner in which he could invest his funds is no longer subject to review or limitation by the defendants. *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot.").

6. On summary judgment, "a complete failure of proof concerning an essential element of the [nonmovant's] case necessarily renders all other facts immaterial." *Lewis v. Holsum of Ft. Wayne, Inc.,* 278 F.3d 706, 709 (7th Cir. 2002) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). "Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *judgment aff'd., Johnson v. Jones,* 515 U.S. 304 (1995). That is the case here. The defendants' motion for summary judgment is **granted.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/31/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana